IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR-19-032 |
| | * | |
| KABIR ARE, | * | |
| Defendant. | * | |
| | * | |
| ********** | | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S *SECOND* MOTION FOR SECOND DETENTION HEARING

The United States, through its undersigned attorneys, respectfully requests that the Court deny defendant's Motion for Detention Hearing (ECF 135) in this matter, pursuant to 18 U.S.C. § 3143.

### I. Procedural Background

On January 23, 2019, the defendant was charged with Bank and Wire Fraud Conspiracy under 18 U.S.C. § 1349, Bank Fraud pursuant to 18 U.S.C. § 1344, and Aggravated Identity Theft pursuant to 18 U.S.C. § 1028A(a)(1), (c)(5). After appearing in the District of Maryland on this indictment, a detention hearing was held on February 8, 2019. After both parties were fully heard, the Honorable Beth P. Gesner issued an Order of Detention as to the defendant. In that Order (ECF 49), Judge Gesner found that there were no conditions or combination of conditions which would reasonably assure the defendant's presence at trial, and noted the following, *inter alia*, as reasons for detention: fraudulent activity; the defendant is a citizen of Nigeria and is in removal proceedings; prior conviction for theft/fraud; and the defendant's foreign ties.

1

On October 16, 2019 the defense filed a "Petition for Bail and/or Reopened Detention Hearing" (ECF 112), asserting that the defendant is not a flight risk, and that due to his incarceration, the defendant has been unable to make restitution payments in a Maryland State case for which he is on probation, and therefore a warrant issued. It is indeed true that the defendant has an outstanding warrant in State of *Maryland v. Kabir Tunji Are*, case number 0D00377559.

On October 17, 2019, Judge Gesner denied the defendant's request, even prior to a response from the government (ECF 114), noting that the defendant's motion did not present "any new or additional facts that have a material bearing on the issue of detention."

On January 29, 2020, the defendant entered a plea of guilty to Counts Three and Ten of the Indictment, each charging him with Bank Fraud pursuant to 18 U.S.C. § 1344. Each count of Bank Fraud carries a maximum term of imprisonment of thirty (30) years. A sentencing hearing date is currently scheduled for April 24, 2020 at 2:00 p.m. Near the conclusion of the Rule 11 proceeding, the defendant's attorney, with no prior notice to the government, stood and made an oral motion for the defendant's release. Judge Russell advised him to make the motion in writing.

The defendant now files this petition for bail and/or a reopened detention hearing that "at the last detention hearing, the defense and the court did not have the advantage of knowing the eventual outcome of plea negotiations" and again correctly notes the outstanding warrant in Montgomery County, in case number 0D00377559. He fails to acknowledge the different standard that applies to detention at this stage in the proceedings.

**II.** **The Defendant Should Remain in Detention Pending Sentencing, Pursuant to 18 U.S.C. § 3143(a)(1)**

The government notes at the outset that while 18 U.S.C. § 3142 applies to defendants pending trial, who enjoy the presumption of innocence, the question of *pre-sentence* detention or

release is governed by 18 U.S.C. § 3143(a), which, for the reasons explained below, requires that the defendant remain detained. Under § 3143(a)(1), the defendant's motion should be denied.

The defendant cannot show by clear and convincing evidence that his release is justified under § 3143(a)(1), which provides the following:

> The judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

In other words, the burden would be on the defendant to present clear and convincing evidence that he is not likely to flee or pose a danger to the community. He makes no mention any such evidence in his Motion for Detention Hearing.

In fact, the defendant is a citizen of Nigeria, and while he was originally present within the United States on a B-2 visitor's visa, that visa expired on June 16, 2014. Judge Gesner Ordered defendant detained while he still enjoyed the presumption of innocence, finding him to be a flight risk due to his foreign ties and his being a citizen of Nigeria. He no longer enjoys such a presumption and he continues to be a flight risk for the same reasons. The fact remains that if the defendant is released, he may well go into immigration custody, and removal proceedings.

The only new information proffered by the defendant to support this renewed effort to be released is that the plea agreement entered contemplates a final adjusted offense level of 11, and that the defendant may exceed the range contemplated by the USSG. But that position is premised on some conclusions. First, it is true that the defendant had his initial appearance on February 5,

2019, so he has been in custody for just over a year. By sentencing, presently scheduled for April 24, 2020, the defendant will have been in custody for approximately 14 months.

However, the defendant's criminal history category is yet to be determined, and a Pre-Sentence Investigation Report ("PSR") has been ordered. If the defendant is determined to be in Criminal History Category I, the advisory USSG range will be 8 to 14 months. However, if he is determined to be in Criminal History Category II, his advisory USSG range will be 10 to 16 months. As the defendant noted in ECF 135, the defendant has a prior fraud-related conviction out of Montgomery County.

Further, each count the defendant has tendered pleas of guilty to has a maximum sentence of incarceration of 30 years. Per the terms of the plea agreement, the government is not bound to whatever range is determined to apply once the defendant's criminal history category is calculated—the government is able to recommend a sentence that varies upward. More importantly, the plea agreement does not bind the Court to the advisory USSG range. The Court retains discretion under the terms of the plea agreement to impose a sentence that exceeds the advisory USSG range.

The government respectfully requests that the defendant remain detained pending his sentence in this matter, and beyond.

**III.     Conclusion**

The defendant offers no evidence—much less clear and convincing evidence—that he is not a flight risk. For these reasons and those detailed above, the government respectfully requests that the Court deny the defendant's request for a detention hearing and request to be released pending sentencing.

4

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Mary W. Setzer
Judson T. Mihok
Assistant United States Attorneys